IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LLEWELLYN DAMON SCOTT,               §
                                     §
            *Petitioner*,            §
                                     §
v.                                   §        CIVIL ACTION NO. H-13-1504
                                     §
WILLIAM STEPHENS,                    §
                                     §
            *Respondent.*            §

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. §
2254 challenging his convictions and seventy-five year sentences for possession of a
controlled substance, possession of a controlled substance with intent to distribute, and
tampering with evidence.  Respondent filed a motion for summary judgment based on
expiration of limitations (Docket Entry No. 10), to which petitioner filed a response (Docket
Entry No. 13).

Based on consideration of the pleadings, the motion and response, the record, and the
applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this
case for the reasons that follow.

### *Procedural Background and Claims*

Petitioner was convicted of possession of a controlled substance, possession of a
controlled substance with intent to distribute, and tampering with evidence and sentenced to
three concurrent seventy-five year terms of incarceration on May 16, 2008.  The convictions

were affirmed on direct appeal, *Scott v. State*, No. 13-08-00315-CR (Tex. App.– Corpus Christi-Edinburg 2009, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review on December 8, 2010. Petitioner's applications for state habeas relief, filed on February 10, 2012, and February 25, 2012, were denied by the Texas Court of Criminal Appeals on September 12, 2012.

Petitioner filed this federal petition on May 8, 2013, claiming ineffective assistance of trial counsel and actual innocence. Respondent argues that petitioner's claims are barred by limitations. Petitioner requests equitable tolling based on actual innocence.

### *Analysis*

*Limitations*

Under 28 U.S.C. § 2244(d), federal habeas petitions are subject to the following one-year limitations period:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on December 8, 2010. Petitioner did not pursue a writ of certiorari, and his convictions became final for purposes of AEDPA ninety days later, on March 8, 2011. *See* SUP. CT. R. 13.1. The one-year limitation expired one year later, on March 8, 2012. The instant petition, filed on May 8, 2013, is untimely and barred by limitations, absent a properly filed application for state post-conviction tolling the running of the limitations period. 28 U.S.C. § 2244(d)(2).

The record shows that petitioner's three state habeas applications were filed on February 10, 2012, and February 25, 2012, and that the Texas Court of Criminal Appeals denied relief on all three applications on September 12, 2012. Consequently, limitations was tolled for a maximum of 215 days during the pendency of the applications, and petitioner's federal habeas petition became due no later than October 9, 2012. As stated, the instant petition was not filed until May 8, 2013, well after expiration of limitations. No other grounds for statutory tolling are shown by petitioner or appear in the record.

Absent grounds for equitable tolling, petitioner's claims are barred.  Petitioner argues that he is entitled to equitable tolling because he is actually innocent.

*Actual Innocence*

In *McQuiggin v. Perkins*, __U.S. ___, 133 S. Ct. 1924, 1932–33 (2013), the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the AEDPA one-year limitation upon a showing of "actual innocence" under the standard set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  Thus, a federal habeas petitioner who seeks to overcome the limitations bar through a showing of actual innocence must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt.  *Schlup*, 513 U.S. at 326–27.[1]

In support of his *McQuiggin* claim for equitable tolling, petitioner presents two exhibits as purported new evidence establishing his actual innocence under *Schlup*.  The first exhibit is an unauthenticated copy of a purported application for title to the vehicle in which the contraband was found, attached to the petition as Exhibit "A."  The exhibit reflects both his name and the name Tamira Holly as applicants for title.  Petitioner argues that the handwriting on the application is not his and that "handwriting analysis is needed to ascertain the true facts of petitioner's claim."  (Docket Entry No. 1, pp. 15–16.)  Petitioner fails,

---

[1]It is the Court's understanding that petitioner is raising actual innocence as a gateway claim for seeking equitable tolling in this case, and not as a freestanding federal habeas claim.  The Supreme Court has yet to recognize a freestanding federal habeas claim for actual innocence.  *See McQuiggin*, 133 S. Ct. at 1931.

however, to present any expert witness affidavit, testimony, or other reliable evidence that the handwriting is not his, or that no one was authorized to submit the application on his behalf.  His self-serving and conclusory allegation that he did not sign the title application does not constitute new, reliable evidence of his actual innocence for purposes of *Schlup* and *McQuiggin*.  To the contrary, petitioner's co-ownership of the vehicle was established at trial, as shown by the following exchange between the State and a state trooper witness:

| | |
|---|---|
| THE STATE: | Trooper, I'm showing you what's been admitted as State's Exhibit No. 9.  What is that document? |
| WITNESS: | It's a registration. |
| THE STATE: | And it belongs to that vehicle we're seeing there on the videotape? |
| WITNESS: | Yes, sir.  It's the registration form. |
| THE STATE: | And who does it indicate owns that vehicle? |
| WITNESS: | It says owner Tamira Holly and Llewellyn Scott. |
| THE STATE: | Thank you, Trooper. |

R.R., Vol. 3, p. 100.  Petitioner's Exhibit "A" does not establish his actual innocence.

Petitioner next attempts to prove his actual innocence through a second exhibit, Exhibit "B," which is an unauthenticated copy of a purported 2007 lab report of fingerprint analysis undertaken on a canister of contraband found in petitioner's vehicle.  Petitioner argues that the lab report proves his actual innocence because his prints were not found on the canister.  (Docket Entry No. 1, pp. 18–19.)  Contrary to petitioner's argument, the lab report shows that *no* latent fingerprints were developed on the canister.  The absence of

developed, latent fingerprints on the canister does not constitute new, reliable evidence of petitioner's actual innocence, as an absence of detectable fingerprints could indicate that the canister material was not susceptible to retaining prints, that the canister had been wiped free of prints, that individuals touching the canister had worn gloves, or a number of other reasonable explanations.  Assuming that the 2007 lab report constitutes "new evidence," petitioner fails to show that more likely than not, in light of this lab report, no reasonable juror would have voted to find him guilty beyond a reasonable doubt.  *Schlup*, 513 U.S. at 326–27.  Exhibit "B" does not establish petitioner's actual innocence.

Consequently, petitioner is not entitled to equitable tolling under *McQuiggin*, and his claims are barred by the AEDPA one-year statute of limitations.  Respondent is entitled to summary judgment dismissal of this lawsuit as barred by limitations.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 10) is GRANTED, and this case is DISMISSED WITH PREJUDICE as barred by limitations.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on February 3, 2014.

Gray H. Miller
United States District Judge